# In the United States Court of Federal Claims

|  |  |
|---|---|
| **OWEN M. CUNNINGHAM,** | |
| *Plaintiff,* | |
| **v.** | |
| **THE UNITED STATES,** | |
| *Defendant.* | |

**No. 22-1826**
**(Filed: December 21, 2023)**

Not for Publication

---

*Wojciech Z. Kornacki*, Pentagon Law Office, Washington, D.C., for Plaintiff.

*Elizabeth Anne Speck*, Trial Attorney, *Douglas K. Mickle*, Assistant Director, *Patricia M. McCarthy*, Director, Commercial Litigation Branch, and *Brian M. Boynton*, Principal Deputy Assistant Attorney General, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant. *Major Steven C. Higgins*, Judge Advocate, U.S. Army Legal Service Agency, of counsel.

## OPINION AND ORDER

**HADJI**, *Judge*.

Before the Court is the Government's Motion to Dismiss pursuant to Rule 12(b)(6) of the Rules of the Court of Federal Claims (ECF 10), the Government's Motion for Judgment on the Administrative Record (ECF 10), and Plaintiff's Cross-Motion for Judgment on the Administrative Record (ECF 14). Plaintiff Owen M. Cunningham challenges his involuntary discharge from the United States Army based on alleged violations of Army Regulation 600-8-24. U.S. Dep't of Army, Reg 600-8-24, *Officer Transfers and Discharges* (8 Feb. 2020); Compl. ¶ 1. The Government asserts that Plaintiff's claim must be dismissed because it fails to state a claim upon which relief can be granted. ECF 10. Alternatively, the Government argues that the decision to discharge Cunningham was procedurally sound and supported by substantial evidence and, as such, moves for judgment on the administrative record. *Id.* The motions are fully briefed. ECF 10, 13, 14, 27, 31. Oral argument is not necessary. For the reasons stated below, the Court **GRANTS** the Government's Motion for Judgment on the Administrative Record, **DENIES** the Plaintiff's Cross-Motion for Judgment on the Administrative Record (ECF 14), and **DENIES** as moot the Government's Motion to Dismiss.

## BACKGROUND

Cunningham first enlisted in the U.S. Army in 2005, beginning his active-duty service as a Chinook helicopter mechanic. Administrative Record (AR) 189, 692; Compl. ¶ 7. In June 2017, he separated from active duty and began service as a reserve warrant officer. AR 590. He graduated from flight school and received notice of his active-duty appointment as a chief warrant officer two on June 21, 2019. AR 631, 691.

In September 2020, Cunningham underwent a urinalysis test that detected 675 nanograms per milliliter of cocaine metabolite in his sample. AR 151, 201. This level exceeds the 100 nanograms per milliliter cutoff to pass a urinalysis test. AR 151, 205.

Shortly after his failed test, the Army issued Cunningham a flag and suspended him from flying duties in October 2020. AR 155. Cunningham's commanding officer referred his case to the Flying Evaluation Board, which, after considering all the evidence, found beyond a preponderance of the evidence that Cunningham used a controlled substance and recommended terminating his aviation service. AR 25-26, 41-42, 191. Cunningham filed briefings with the Appointing Authority pursuant to Army Regulation 600-105, requesting that the Flight Evaluation Board's findings and recommendations be set aside. AR 44-47. The Appointing Authority denied this request. AR 693.

Cunningham waived his right to challenge the drug allegations at court-martial and, in February 2021, the Army initiated disciplinary proceedings under Article 15 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 815. AR 19-24. After a hearing, the Army determined that Cunningham had wrongfully used cocaine, a Schedule II controlled substance in violation of Article 112a of the UCMJ, and issued him a written reprimand as punishment. AR 19-24. Thereafter, Cunningham filed a request to set aside the Article 15 findings based on new evidence from Dr. Jeff Walterscheid, the Department of Defense's toxicologist. AR 197-99. His request was denied on September 7, 2021. AR 693.

In April 2021, the General Officer Show Cause Authority (GOSCA), Brigadier General Brett G. Sylvia, initiated elimination proceedings against Cunningham pursuant to Army Regulation 600-8-24 ¶ 4–18(a) for wrongful use of cocaine. AR 15-17. The GOSCA informed Cunningham, in writing, that an elimination action had been initiated against him recommending a general discharge (under honorable conditions), that the initiation was based on the finding of guilt in his Article 15 hearing, and that he had thirty days to prepare a written statement seeking resignation or retention pursuant to Army Regulation 600-8-24 ¶ 4–20. AR 15-17. Cunningham acknowledged his receipt of the notice of elimination and that he had thirty days to either request resignation or submit a rebuttal. AR 12, 16. Electing to seek retention, on July 7, 2021, Cunningham provided a written response. AR 172-176. On November 10, 2021, the GOSCA rejected Cunningham's request and recommended that he be discharged from the Army with a general (under honorable conditions) characterization of service. AR 373.

After this decision, the Army determined that Cunningham's original written statement, dated July 7, 2021, was not delivered to the GOSCA before final recommendation for Cunningham's discharge. AR 6-8, 695-696. Upon discovering this error, the Army directed Cunningham to resubmit any materials that he wanted considered in his elimination proceedings. *Id.* Upon this request, Cunningham submitted a more robust follow-up statement. AR 5-7. On March 7, 2022, he acknowledged, in writing, that the legal office had received all of his intended matters. AR 5. After reviewing Cunningham's rebuttal statement, the GOSCA's March 10, 2022, recommendation remained the same— that Cunningham should be discharged from the Army with a general (under honorable conditions) characterization of service. AR 4, 6-8, 9, 695-96, 697-99. Then, the GOSCA forwarded the records to the Army Ad Hoc Review Board, which reviewed Cunningham's case file. Upon that evaluation, the Deputy Assistant Secretary of the Army for Army Review Boards (DASA) approved Cunningham's involuntary separation with an honorable discharge on June 6, 2022, a more favorable characterization of service than recommended. AR 1. On June 30, 2022, Cunningham's certificate of discharge from active duty was issued. AR 691.

On December 15, 2022, Cunningham brought this action, seeking relief from alleged procedural violations of Army Regulation 600-8-24 that occurred during his elimination proceedings. Compl. ¶ 1. Cunningham seeks monetary damages, benefits, allowances, and correction of his military records. *Id.* On May 2, 2023, the Government filed a Motion to Dismiss pursuant to Court of Federal Claims Rule 12(b)(6) and a Motion for Judgment on the Administrative Record pursuant to Court of Federal Claims Rule 52.1. ECF 10. Plaintiff subsequently filed a Cross-Motion for Judgment on the Administrative Record on May 28, 2023.  ECF 14. The motions are fully briefed. ECF 13, 14, 27, 31.

## LEGAL STANDARD

Pursuant to Rule 52.1 of the Rules of the Court of Federal Claims, a party may file a motion for judgment on the administrative record requesting the Court to examine whether the administrative body, given all of the disputed and undisputed facts in the record, acted in compliance with the legal standards governing the decision currently under review. *See Supreme Food Service GmbH v. United States*, 109 Fed. Cl. 369, 382 (2013). On such motions, the parties are limited to the administrative record and the Court must make findings of fact as though it were conducting a trial on a paper record. *Id.* When evaluating motions for judgment on the administrative record in a military pay case context, the Court must not disturb the Army's disciplinary decisions unless a decision was arbitrary, capricious, contrary to law, or unsupported by substantial evidence. *See Hutchinson v. United States*, No. 20-895C, 2023 WL 8290192, at *5 (Fed. Cl. 2023) (citing *Barnick v. United States*, 591 F.3d 1372, 1377 (Fed. Cir. 2010)). In making this determination, the Court must afford the military "substantial deference in the governance of its affairs." *Dodson v. Dept. of the Army*, 988 F.2d 1199, 1204 (Fed. Cir. 1993).

## DISCUSSION

Cunningham makes four arguments contesting his wrongful discharge. First, he claims that he was wrongfully denied a Board of Inquiry, which he was entitled to as a nonprobationary officer. Compl. ¶¶ 96-102. Second, he alleges that discrepancies in the record indicate his written rebuttal statements were lost and not properly evaluated by the GOSCA, as required pursuant to Army Regulation 600-8-24. Compl. ¶¶ 104-114. Third, he alleges that the Army violated Army Regulation 27-10 by failing to prove beyond a reasonable doubt that he wrongfully used cocaine. U.S. Dep't of Army, Reg. 27-10, *Military Justice* (20 Nov. 2020); Compl. ¶¶ 118-122. Finally, he claims that throughout his elimination proceedings the Army engaged in conduct that was arbitrary and capricious in violation of Army Regulation 600-8-24. Compl. ¶ 125.

## I.      Board of Inquiry and Probationary Status

In his complaint, Cunningham asserts that Army Regulation 600-8-24 entitles him to a Board of Inquiry based on his claimed status as a nonprobationary officer. Compl. ¶¶ 97-102. Under Army Regulation 600-8-24, nonprobationary officers are entitled to a Board of Inquiry, while probationary officers are not. ¶ 4–18. Probationary officers are defined as any "[w]arrant officers who have less than 3 years' service since original appointment to their present component." Army Reg. 600-8-24 ¶ 4–19. Further, "[i]f at any time during the processing of the recommendation (before a *final decision* in the case) the officer no longer meets the probationary criteria," the officer will be processed as a nonprobationary officer. *Id.* (emphasis added).

Cunningham argues that he reached nonprobationary status before the issuance of the final decision in his elimination proceedings. Compl. ¶ 100. The government contends that he did not. ECF 10 at 12-13. The administrative record reflects that Cunningham first enlisted in the Army in 2005, as an active-duty Chinook helicopter mechanic. AR 189, 692; Compl. ¶ 7.  In 2017, he separated from active duty and became a reserve warrant officer. AR 590. He then graduated from flight school and commenced active-duty service in his present component as a chief warrant officer two on June 21, 2019. AR 631, 691. Cunningham claims that final action by the Army was over three years later, on June 30, 2022, when he received his certificate of discharge from active duty. AR 691; Compl. ¶¶ 96-101. However, Cunningham misinterprets Army Regulation 600-8-24. The regulation states that cases will be forwarded "to the [Deputy Assistant Secretary of the Army] for *final decision*." ¶ 4–19(f) (emphasis added). The date relevant to determining probationary status is not his date of final discharge, as Cunningham argues, but the date the Deputy Assistant Secretary of the Army (DASA) issued a final decision. *Id.*

The final decision in Cunningham's case was June 6, 2022, when the DASA issued his final recommendation for Cunningham's elimination. AR 1. Cunningham's appointment to his most recent component on June 21, 2019, was less than three years before June 6, 2022, when the final decision was issued by the DASA to eliminate him. AR 1, 631, 691. Based the administrative record, Cunningham was a probationary officer

not entitled to a hearing by a Board of Inquiry under Army Regulation 600-8-24. Thus, the Court finds that the Army acted in compliance with Army Regulation 600-8-24 by denying him a Board of Inquiry because he had not served for three years as a probationary officer as required to have a Board of Inquiry.

## II.    Processing of the Written Submissions Under Army Regulation 600-8-24

Cunningham further argues that discrepancies in the record indicate his written rebuttal statements were lost and not properly evaluated by the GOSCA, as required pursuant to Army Regulation 600-8-24. Compl. ¶¶ 104-114. Army Regulation 600-8-24, Table 4-2, Steps 3 and 9 mandate that upon the initiation of elimination proceedings for a probationary officer, the initiating official must advise "the officer that he or she has [thirty] calendar days … to prepare a written statement or rebuttal" and that the initiating official may take action upon receipt of the statement. Table 4-2. The parties do not contest that the GOSCA failed to consider Cunningham's original documents before the initial recommendation of his elimination. AR 6-8, 695-696. However, the administrative record indicates that this error was later discovered and remedied by the Army. *Id.* In fact, after the error was discovered, the GOSCA reviewed all 202 pages of Cunningham's written statements, including his more robust follow-up rebuttal. *Id.* By requesting, obtaining, and re-reviewing Cunningham's written statements after the initial recommendation, the administrative record indicates that the Army fully complied with the requirements of Army Regulation 600-8-24 before the GOSCA made the final recommendation for Cunningham's elimination. AR 6-8, 695-696, 697-99.

Cunningham also asserts that after the November 2021 elimination recommendation, the Army erred by not notifying him until February of 2022, of his opportunity to submit further documents. Compl. ¶ 110. However, Cunningham does not point to any statutory or regulatory authority that requires such notice, nor did the Court find any such requirement in Army Regulation 600-8-24 or the administrative record. *Id.*, ECF 10 at 16-17. Moreover, after this alleged violation, the GOSCA re-reviewed written statements and confirmed through a written acknowledgment signed by Cunningham on March 7, 2022, that the Army had received all of his intended materials prior to making their final recommendation on March 10, 2022. AR 5.

Had there even been any procedural errors in this earlier recommendation, that would not entitle Cunningham to relief. *See Driscoll v. United States*, 158 Fed. Cl. 399, 412 (2022) (citing *Christian v. United States*, 337 F.3d 1338, 1343 (Fed. Cir. 2003) ("[A] plaintiff must show the existence of an administrative error, and further, must 'at least' … set forth enough material to impel the court to direct a further inquiry into the nexus between the error or injustice and the adverse action."). Because the Army later noted and corrected its procedures in compliance with Army Regulation 600-8-24, any errors were rendered harmless upon the re-evaluation of the case and the resulting recommendation to still discharge Cunningham. Based on all of the facts in the record, it is clear that the Army corrected any errors in the processing of Cunningham's written submissions and as such, rendered them harmless.

### III.    Wrongful Use of a Controlled Substance

Cunningham next alleges that the Army violated Army Regulation 27-10 because there was insufficient evidence to find that he wrongfully used cocaine in violation of Article 112, UCMJ, 10 U.S.C. §912a. Compl. ¶¶ 118-23.

In evaluating this contention, the Court must first reach the threshold question of whether this is a justiciable issue. A controversy is only justiciable if it is "one which the courts can finally and effectively decide under the tests and standards which they can soundly administer within their special field of competence." *Voge v. United States*, 844 F.2d 776, 780 (Fed. Cir. 1988). There is a particular admonition against court interference with legitimate military matters. *See Roth v. United States*, 378 F.3d 1371 (Fed. Cir. 2004) (citing *Orlof v. Willoughby*, 345 U.S. 83, 94 (1953)). That is not to say the military has unfettered discretion. The military is "'bound to follow its own procedural regulations if it chooses to implement some.'" *See Houghtling v. United States*, 114 Fed. Cl. 149, 157 (2013) (quoting *Murphy v. United States*, 402 F.3d 1167, 1177 (Fed. Cir. 2005)). Consequently, the question of whether the Army complied with its own procedural constraints as set forth in Army Regulation 27-10 and Article 112a is a justiciable issue.

Article 112a of the UCMJ states that "[a]ny person subject to this chapter who wrongfully uses … [cocaine] shall be punished as a court-martial may direct." Under Army Regulation 27-10, imposition of punishment under Article 15 requires a determination of guilt beyond a reasonable doubt. Appendix C-2. Cunningham cites the Manual for Courts-Martial (MCM), which states that "knowledge of the presence of the controlled substance is a required component of use" under Article 112a. MCM, pt IV, ¶ 50.c.(10). Steadfastly maintaining his innocence, Cunningham alleges that the government's evidence was insufficient to show beyond a reasonable doubt that he knowingly used cocaine. Compl. ¶¶ 118-123.

The Court disagrees. Cunningham overlooks the next sentence of the MCM, which states that knowing use "may be inferred from the presence of the controlled substance in the accused's body or from other circumstantial evidence." MCM, pt. IV, ¶ 50.c.(10). Accordingly, drawing reasonable inferences from the urinalysis that detected the presence of cocaine metabolites in his body, there is substantial evidence to conclude that Cunningham knowingly used cocaine. AR 151, 205. As such, the Army's determination of Cunningham's guilt beyond a reasonable doubt was supported by substantial evidence and in compliance with Army Regulation 27-10.

### IV.    Arbitrary and Capricious Elimination Proceedings

Finally, Cunningham alleges that the Army acted arbitrarily and capriciously when conducting his elimination proceedings between April 7, 2021, and June 30, 2022. Compl. ¶ 125. Cunningham repeats many of his previous allegations that the Army violated its own regulations at various points of his elimination proceedings, which the Court need not address twice. Compl. ¶¶ 125-131. However, for the first time, Cunningham argues that his honorable characterization of service suggests that he met "the standards of acceptable

conduct and performance of duty." Compl. ¶ 92. This argument is unpersuasive. Although Cunningham's general discharge was eventually upgraded to an honorable discharge, his records still list "unacceptable conduct" as the reason for separation. AR 691. It is simply incorrect to argue that the Army—implicitly or explicitly—reversed its previous finding of misconduct by upgrading his discharge to an honorable characterization. The Army simply concluded that his use of cocaine as a pilot, while enough to warrant separation, did not preclude an honorable discharge. The Supreme Court has long acknowledged the military's power to handle its own personnel matters and the imprudence of undue interference by the judiciary. *See Chappell v. Wallace*, 462 U.S. 296, 304-05 (1983). With regard to personnel matters, the military must be afforded deference so that courts do not inadvertently intrude upon the need for decisive and unhesitating action of military discipline. *Id.* Certainly, the Army is within its rights to determine that certain misconduct warrants separation and how to classify the separation. *See id.* Thus, the record indicates that the Army's separation decision and classification of it as an honorable discharge was not arbitrary or capricious.

## CONCLUSION

For the foregoing reasons, the Government's Motion for Judgment on the Administrative Record (ECF 10) is **GRANTED** and the Plaintiff's Cross-Motion for Judgment on the Administrative Record (ECF 14) is **DENIED**. The Government's Motion to Dismiss pursuant to Rule 12(b)(6) (ECF 10) is **DENIED** as moot. The Clerk of Court is directed to enter Judgment accordingly.

**IT IS SO ORDERED.**

_____
PHILIP S. HADJI
Judge